UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JASAUN ROBERT MATTICE-BEY, | CASE NO. 1:17 CV 639 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| CAROLE RENDON, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

On March 27, 2017, Plaintiff *pro se* Jasaun Robert Mattice-Bey, a pre-trial detainee at the Northeast Ohio Correctional Center, filed this civil rights action against Defendants Carole Rendon, Michelle Baeppler, James A. Jenkins, Michael K. Stark, John R. Dysart, Judith A. Wynn-Neel, David M. Kasulones, Stacy Griggs, FBI and the United States of America. The Complaint makes general allegations that Plaintiff has been unfairly targeted for prosecution despite a lack of evidence and that his attorney sought to coerce him to plead guilty.

Plaintiff seeks damages and "an injunction compelling defendants to cease and desist with all fictitious actions." Complaint, p.6. For the reasons stated below, this action is dismissed.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim. Plaintiff's claims are barred because an

adjudication of those claims would imply the invalidity of his pending criminal charges. In general, a claim is not cognizable under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of a conviction, unless the conviction has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The concerns of *Heck* apply pre-conviction as well as post-conviction. *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398 (6th Cir. 1999); *see Gorenc v. City of Westland*, No. 02-2456, 2003 WL 21782610 (6th Cir. July 31, 2003)(finding plaintiff's pre-trial challenge under §1983 to a speeding ticket is barred by *Heck* because it would necessarily imply the invalidity of the traffic citation).[1] *Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. *Gorenc*, No. 02-2456, 2003 WL 21782610 at * 2; *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999). Thus, Plaintiff's claims are not cognizable under § 1983 unless and until the pending criminal proceedings are resolved in his favor.

Accordingly, this action is dismissed under section 1915A. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: April 13, 2017

---

[1] *See also Adams v. Morris*, No. 03-5413, 2004 WL 193219 (6th Cir. Jan. 29, 2003)(holding that plaintiff's § 1983 challenge to the effectiveness of his trial counsel while the state criminal proceedings were still pending to be barred by *Heck*); *Thomas v. Pugh*, No. 00-6155, 2001 WL 522437 (6th Cir. May 9, 2001)(finding a pre-trial detainee's § 1983 claim that he was denied a speedy trial to be barred by *Heck*); *Alvarez-Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir. 1996)(applying *Heck* to pre-trial detainees); *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996).